UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

**TIMOTHY RAY ELLIS,**

   Plaintiff,

v.                               No. 4:25-cv-0143-P

**TARRANT COUNTY JAIL, ET AL.,**

   Defendants.

## ORDER OF DISMISSAL

Plaintiff, Timothy Ray Ellis, filed a civil rights complaint naming Sheriff Waybourne [sic], Thomas A. Wilder, "Tim Curry Justice Center" (alternately, the "Tarrant County Jail"), and "Texas Department of Criminal Justice Parole Office" as Defendants. Of course, the latter two named Defendants are not jural entities that can be sued. *See Darby v. Pasadena Police Dep't*, 939 F.2d 311, 313 (5th Cir. 1991). Plaintiff alleges that he was arrested for forgery and remains incarcerated although he has not been served an indictment. He further alleges that there is a parole hold against him. He seeks to recover monetary damages.

The law is clear that in order to recover damages for an allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions that would render his conviction or sentence invalid, Plaintiff must prove that the conviction or sentence has been reversed or otherwise declared invalid. Otherwise, the claim is not cognizable under § 1983. *Heck v. Humphrey*, 512 U.S. 477, 486–87 (1994). A civil tort action is not the appropriate vehicle to challenge the validity of outstanding criminal proceedings. *Id.* at 486.

To the extent Plaintiff seeks relief from prosecution, he will have to pursue such relief by application for writ of habeas corpus after he has exhausted his state court remedies by presenting his claim to the Texas

Court of Criminal Appeals. *See Richardson v. Procunier*, 762 F.2d 429, 431 (5th Cir. 1982).

Plaintiff's claims are **DISMISSED** with prejudice pursuant to the authority of 28 U.S.C. §§ 1915(e)(2) and 1915A(b) until such time as the requirements of *Heck* have been met.

**SO ORDERED** on this **18th day of February 2025.**

Mark T. Pittman
UNITED STATES DISTRICT JUDGE